JENNIE JURGIEWICZ *vs.* FRANK M. ADAMS.
JOSEPHINE JURGIEWICZ *vs.* SAME.

JULY 20, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

BAKER, J. These are actions of the case for negligence. They were tried together to a jury in the superior court and resulted in a verdict for the plaintiff Jennie Jurgiewicz for $100 and a verdict for the plaintiff Josephine Jurgiewicz for $8000. After the trial justice denied the defendant's motion for a new trial in each case, the latter duly prosecuted his bills of exceptions to this court, and they are now before us for determination.

The cases arise because of the collision of two automobiles, on September 12, 1943, at the intersection of Cole and University avenues in the city of Providence. From the nature of the defendant's exceptions, which we are about to consider, and the issues raised by them, it is not necessary that the facts of the collision, as appearing from the evidence, be set out in much detail. The same facts apply to both cases.

The accident happened on a Sunday morning shortly before 11 o'clock. The plaintiffs, who are sisters, were riding as guests on the front seat of an automobile operated by a Mrs. Palau and were on their way to a church which is located on Cole avenue a block beyond University avenue toward the north. The car was proceeding, just before the accident, in a northerly direction on Cole avenue near its intersection with University avenue. The defendant, a physician who was about to make a professional call, was alone in his car which he was operating in an easterly direction on University avenue approaching such intersection. At that point University avenue is about 24 feet wide and Cole avenue is about 40 feet wide. The two cars collided in the approximate center of the intersection. Thereafter the plaintiffs brought the instant cases to recover damages for alleged injuries which each claimed to have suffered by reason of the above-described accident.

In the case brought by the plaintiff Jennie the defendant moved that a verdict be directed in his favor, arguing that, irrespective of the question of liability, she had proved no damage. The trial justice denied this motion, which ruling is the basis of the defendant's fifth exception in that case. In so ruling the trial justice in our opinion was not in error.

The evidence showed that at the time of the accident the plaintiff Jennie was riding in the middle of the front seat of the car driven by Mrs. Palau. Jennie testified in substance that as a result of the accident she was nervous and "kind of shaken up", and that a doctor looked at her after the collision but did not prescribe for her in any way and has not presented any bill. She also testified that she was not bruised or marked at all and that she lost no time from her work by reason of the accident.

Assuming liability, as the defendant does in making his motion, and assuming, as he argues, that the evidence introduced was not sufficient to show that the plaintiff Jennie was entitled to any compensatory damages, we are of the opinion that she would, under such circumstances, be entitled at least to nominal damages. This would prevent the granting of the defendant's motion for a directed verdict in his favor in her case. This court in *Weaver* v. *Miner*, 112 A. 425 (R. I.), a tort case based on a charge of negligence, held that where liability was shown, but the jury did not have any evidence from which they could ascertain the amount of compensation required to make the plaintiff whole, they should have been instructed that they were limited in their verdict to nominal damages. In our judgment this holding governs the instant case. The defendant's fifth exception in Jennie's case is therefore overruled.

In that case the defendant is also pressing his exception to the refusal of the trial justice to grant his motion for a new trial. This exception is being urged solely on the ground that the fair preponderance of the evidence shows that the defendant was guilty of no negligence which was the proximate cause of the accident, but that the collision was due to the

negligence of Mrs. Palau. The defendant is not now urging that a new trial should be granted on the ground that the damages in Jennie's case are excessive.

The evidence as to how the collision occurred was sharply conflicting and clearly presented a question of fact for the jury to determine. In substance the defendant contends that his car was stationary at the time of the collision and was sideswiped by the car driven by Mrs. Palau, and also that the established physical facts support his contention. On the other hand, Mrs. Palau maintains that the defendant's car struck her car with force on its left side and almost tipped it over. The trial justice, who had the benefit of seeing and hearing the witnesses testify, refused to grant the defendant a new trial on the question of liability. We are of the opinion that this case is governed by the general rule applicable under such circumstances. We have examined the evidence and we cannot say that the decision of the trial justice is clearly wrong. The defendant's exception, therefore, to the denial of his motion for a new trial in Jennie's case, is over-ruled.

In the case of the plaintiff Josephine the trial justice admitted in evidence, over the defendant's objection, a certain writing which was marked plaintiff's exhibit B. This ruling was the ground of the defendant's third exception in that case. The writing in question was a statement signed by a doctor respecting the plaintiff Josephine's physical condition. It reads as follows: "To whom it may concern: This is to certify that Miss Josephine Jurgiewicz has sufficiently recovered from her recent nasal operation to return to work." It appears in evidence that the statement was apparently dated September 9, 1943, a few days before the accident in question happened, and after Josephine had been away from her work for several weeks, during which time she had undergone a nasal operation. Plainly the statement was offered by Josephine for the purpose of showing that her present physical condition was due only to the accident and not to

other earlier causes. The statement was introduced and admitted in evidence while she was on the witness stand.

In our opinion it was error for the trial justice to admit the statement itself in evidence as an exhibit considering the circumstances under which it was offered. It did not appear that the writing was an official record of any kind, or one kept in the ordinary course of duty of the signer. It was directed to the public at large. It was identified only by the plaintiff Josephine. The doctor who signed it was never a witness in the case, and neither the writing nor the signature was properly identified by any person who was qualified in that regard. The defendant never had the opportunity to cross-examine the doctor as to its contents or to elicit from him any explanation respecting the meaning and scope of the statement. Under the circumstances the statement was clearly hearsay and erroneous. See *Hanaford* v. *Stevens & Co.*, 39 R. I. 182.

The plaintiff Josephine argues that, if its admission in evidence was error, such error was harmless. We are unable to agree with this contention. The physical condition of Josephine both before and after the accident was, in view of the evidence, a serious question. As the case developed, whether or not all or only part, and if so what part, of her physical infirmities were due to the accident in question and what part, if any, to other causes, became a vital issue when the matter of damages came to be considered by the jury. The substantial size of their verdict confirms this fact. We are of the opinion that the definite statement, which in the exhibit appears over the signature of Josephine's doctor, may well have prejudiced the defendant when the jury reached the issue of Josephine's physical condition and the question of damages due only to the accident. The defendant's third exception in her case is therefore sustained.

While not necessary to the disposition of these cases, we will consider defendant's fourth exception in the case of the plaintiff Josephine, as the question raised thereby may well arise in another trial of that case. A doctor, who was the plaintiff's witness, used certain notes made by him to refresh

his recollection as he testified in chief. The defendant's attorney later sought to introduce these notes in evidence as exhibits for the defendant. The trial justice refused to allow their introduction, and this ruling is the ground of the defendant's fourth exception in that case. In our opinion the trial justice ruled correctly.

It appeared that the notes were used by the doctor merely to refresh his recollection. The evidence in the case, therefore, was the doctor's oral testimony as refreshed and not the notes. Some authorities have apparently permitted an opponent to offer such notes in evidence. By the weight of authority, however, an opponent is entitled only to see the paper which the witness has used to refresh his recollection, examine the witness thereon and, if necessary, show the paper to the jury and read it to them. Ordinarily he is not entitled to introduce in evidence the paper itself, as it is not evidence in the case but merely a refresher for the witness. 3 Wigmore on Evidence (3d ed.) §763. In §765 the author states, however, that judicial discretion should control in the application of the general rules relating to the matter of refreshing recollection. See also 125 A. L. R. 19, note. This court has followed the general weight of authority on the question in issue. *State* v. *Deslovers,* 40 R. I. 89; *Langley* v. *Woolworth Co.,* 46 R. I. 394. We find nothing in *McKeen* v. *Providence County Savings Bank,* 24 R. I. 542, if closely read, which in our opinion goes beyond the general principles above mentioned. The defendant's fourth exception in the case brought by Josephine is overruled.

In the case brought by Jennie Jurgiewicz all of the defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the verdict.

In the case brought by Josephine Jurgiewicz the defendant's third exception is sustained, and the case is remitted to the superior court for a new trial.

*Hogan & Hogan, Edward T. Hogan,* for plaintiffs.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for defendant.